## Alva McLennan v. The State.

No. 11288.   Delivered February 22, 1928.

**1.—Possessing Intoxicating Liquor—Affidavit for Search Warrant—Must State Facts.**

Where an affidavit for a search warrant is made solely upon "belief" and does not state facts nor set out the information which has come to affiant, same is insufficient.   See Chapin v. State, 296 S. W. 1095; Sutton v. State, 300 S. W. 639, and cases collated therein, also Lawhon v. State, 299 S. W. 413.

**2.—Same—Continued.**

Where the search warrant recites that the issuing magistrate had examined witnesses under oath, and was of opinion that sufficient grounds existed for the warrant to issue, such recitation is not a compliance with the statutory demands.   See Art. 310, C. C. P., which relates to issuance of search warrants, generally, which requires a *written sworn* complaint (affidavit) to set forth the facts authorizing the issuance of the warrant.

**3.—Same—Continued.**

Art. 691 P. C. directs that the provisions of Art. 310 (supra) be followed as it relates to warrants for searching premises other than a private dwelling, for the discovery of violations of the liquor law.

**4.—Same—Continued.**

Art. 691 P. C. relates to warrants authorizing the search of private dwellings requires the "affidavit" of *two* credible persons to show certain facts before the warrant may issue.

**5.—Same—Continued.**

The word "affidavit" has no uncertain meaning.   It is defined in Art. 23 of the R. C. S. as follows: "Affidavit means a statement in writing of a fact or facts, signed by the party making it, and sworn to before some officer authorized to administer oaths, etc."

**6.—Same—Continued.**

The action of the magistrate in conducting an investigation to ascertain the facts before issuing the warrant is to be highly commended, but such investigation is not sufficient to authorize the issuance of a warrant unless there is also a *written,* sworn complaint—"affidavit" showing that probable cause existed authorizing the warrant to issue.   Also see Art. 727a, C. C. P.

Appeal from the District Court of Mitchell County.   Tried below before the Hon. Fritz R. Smith, Judge.

Appeal from a conviction for the possession of intoxicating liquor, for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

*J. F. Cunningham,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being two years in the penitentiary.

Acting under a purported search warrant officers searched and found in appellant's residence a small quantity of intoxicating liquor and buried under an outside toilet and smokehouse a considerable quantity. Objection was urged to the evidence as to the result of the search upon the ground that the affidavit for the search warrant states no facts or sets out no information which had come to affiants, but was made solely upon their "belief." The objection was well founded, and the evidence should have been excluded. Chapin v. State, 296 S. W. 1095; Sutton v. State, 300 S. W. 639, and cases collated therein; Lawhon v. State, 299 S. W. 413.

It is recited in the search warrant that the issuing magistrate had examined witnesses under oath and was of opinion that sufficient grounds existed for the warrant to issue. Such recital is not a compliance with the statutory demands. Art. 310 C. C. P.—which relates to issuance of search warrants generally—requires a *"written, sworn complaint"* to set forth the facts authorizing the issuance of the warrant; Art. 691 P. C. in so far as it rates to warrants for searching premises other than a' private dwelling for the discovery of a violation of the liquor law directs that the provisions of Art. 310 (supra) be followed; as it relates to warrants authorizing the search of private dwellings, Art. 691 requires the *"affidavit* of two credible persons" to show certain facts before the warrant may issue. The word "affidavit" has no uncertain meaning. It has been defined in Art. 23 of the R. C. S. as follows:

"Affidavit means a statement in writing of a fact or facts signed by the party making it, and sworn to before some officer authorized to administer oaths, etc."

What has been said must not be construed as an intimation that there was any impropriety on the part of the magistrate in conducting an investigation to ascertain the facts before issuing the warrant; on the contrary such action by him is to be highly commended. What we do hold is that unless there is incorporated in a *"written* sworn complaint"—"affidavit"—sufficient facts showing that "probable cause" exists authorizing the warrant to issue there has not been compliance with the Constitution and laws either of the United States or of this state. If upon the investigation made by the magistrate facts

were developed which constituted "probable cause" such facts could and should have been incorporated in the affidavit. Art. 727a, C. C. P., reads:

"No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

Prompt objection was interposed when the evidence obtained by the officers under an invalid warrant was offered. Its admission demands a reversal.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*