EUGENIO CASTANUELA V. STATE

No. 33,285.   April 12, 1961
Motion for Rehearing Overruled May 24, 1961

WOODLEY, Presiding Judge, absent.

Appellant represented himself.

*Charles J. Lieck, Jr.*, Criminal District Attorney, *Jack A. Efron, Harry A. Nass, Jr.*, Assistants Criminal District Attorney, San Antonio, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is passing as true a forged instrument, with three prior convictions for felonies less than capital alleged for enhancement; the punishment, life.

The witness Rogene Green, an employee of the Texas Surplus Property Agency, testified that such agency was a state organization, functioning under the federal government devoted to dispensing surplus government property to institutions, that it carried an account at the Northside State Bank in San Antonio known as the Administrative Imprest Fund, that the checks used to draw on such account were kept in a book at the office of such agency, that each was numbered, and that it was her duty to fill in the stub at the time each check was issued. She testified that when she left the office at closing time on Thursday, June 2 (Friday being a holiday), checks numbered 1778, 1779 and 1780 were in the checkbook and were the next to be issued;

that upon her return to the office on the following Monday morning she found the office in disarray, the back door having been broken in, the above three numbered checks missing from the book, the stubs blank, and upon further examination she discovered that other checks had been removed from the checkbook. She stated that all checks issued on this fund were typewritten, except for the signature, and that the only persons authorized to sign checks on such account were L. K. Barry, George D. McCormick and herself. State's Exhibit No. 5, which was check No. 1778, executed in handwriting, payable to appellant in the sum of $75.00 and signed "H. L. Green, Director," was exhibited to her, and she denied that she had signed the same or that it was in the handwriting of either Mr. Barry or Mr. McCormick. She testified that she did not know appellant and that, according to her social security records, he had never been an employee of the agency. She testified that upon discovery of the loss of the blank checks she notified the Northside State Bank to stop payment on them.

Barry and McCormick corroborated her testimony and denied that the check in question had been signed by them or under their authority.

Justo Guajardo testified that he operated a drug store in the city of San Antonio and had known appellant by sight for twelve years, that on Saturday afternoon, June 4, appellant presented State's Exhibit No. 5 to him, that he cashed it and was later notified that payment had been stopped on the same.

The prior convictions were established by prison records and the testimony of a fingerprint expert.

Appellant did not testify or offer any evidence in his own behalf.

We find the evidence sufficient to support the conviction and shall discuss the questions raised by appellant's briefs.

There were no objections to the charge, and we are not called upon to pass upon whether or not a charge on circumstantial evidence should have been given. May v. State, 160 Tex. Cr. Rep. 582, 272 S.W. 2d 886.

Appellant next contends that the state failed to prove that each succeeding conviction, plead for enhancement, was subse-

quent in point of time to the commission of the prior offense alleged. Attention is directed to the stipulation which was made personally by appellant, as well as his counsel, that the dates of the commission of the offenses contained in the indictment in the prior cases are the same as those described in the instant indictment. This we deem sufficient.

Finding no reversible error, the judgment of the trial court is affirmed.