Jerry Wayne **BALLEW**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42567.

Court of Criminal Appeals of Texas.

March 4, 1970.

Rehearing Denied April 8, 1970.

Grady Hight, Fort Worth (appointment on appeal) for appellant.

Frank Coffey, Dist. Atty., and Truman Power, Wayne Roberts, Ben H. Tompkins and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is passing, as true, a forged instrument; the punishment, two years in the Department of Corrections.

Appellant's court appointed attorney on appeal raised two grounds of error. He first contends that the evidence is insufficient to sustain the verdict.[1] It was shown that appellant passed to his landlord a check in the sum of $378.70 for payment of two weeks rental of a motel room with instructions to deliver the balance to the appellant's wife, who was also a tenant. It was further shown that the check had been stolen from the Hudgins Truck Rental Office of Arlington. The check had the signature of one who purported to be "J. H. Hudgins." It was shown that there was no one connected with such firm bearing that name, and the bank on which the check was drawn would not honor it.

It was further shown that appellant was seen on the day the check was missed at the Hudgins establishment within a few feet from where the company checks were kept.

Next, he contends that he was deprived of the defense of alibi, because at his hearing on the motion for new trial a certain log book, which would have established such a defense, was not introduced. We have the same before us, and concluded as did his trial counsel that it would not show that he could not have been where the check was passed to the injured party at the time he said he received it. Complainant's testimony was that it was passed to him at Fort Worth "in the afternoon" of the day on which it was dated. The log book showed that appellant, a truck driver, was in Dallas between noon and two o'clock, and that he was at Arlington at five o'clock. It does not show that he was not in Fort Worth "in the afternoon" of the day in question. Appellant's trial counsel testified that he knew of the existence of the log, and had a copy of it in his possession at the time of the trial, but did not offer it in evidence, because he concluded, as we have, that it would not have shown an alibi.

We commend court appointed attorney on appeal for his diligence in behalf of this accused indigent, but since we find the evidence sufficient to sustain the conviction and no reversible error appears, the judgment must be affirmed.

It is so ordered.

---

1. No objections were made to the charge, and no charge on circumstantial evidence was requested, Castanuela v. State, 171 Tex.Cr.R. 173, 346 S.W.2d 332.