**John Harold HART, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42930.**

Court of Criminal Appeals of Texas.

June 2, 1970.

Bob Heath, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and J. Robert Musslewhite, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder; the punishment, 50 years.

The sufficiency of the evidence is challenged.

Appellant and deceased were regular customers at a neighborhood combination drive-in grocery and bar. The preceding Saturday night deceased's wife, while drinking, told appellant that he should be home with his wife and family, and appellant replied that she should be home

**238**

herself. Deceased then told appellant not to speak to his wife in that manner, and later told him to leave him alone. The next Monday night seemingly without warning, appellant cut deceased in the chest with a pocket knife with a five inch blade.

Appellant's explanation was that deceased had hit him with his fist, and the next thing he knew deceased was cut and he was standing there with his closed knife in his hand.

■ We find the evidence sufficient to sustain the conviction, Redd v. State, Tex. Cr.App., 452 S.W.2d 919.

■ In the absence of an objection, no error is reflected in the Court's failure to charge on the law of circumstantial evidence, Castanuela v. State, 171 Tex.Cr.R. 173, 346 S.W.2d 332.

■ The punishment is within that prescribed by law, and this Court will not disturb the verdict, Moore v. State, 144 Tex.Cr.R. 145, 161 S.W.2d 83.

■ Appellant's final ground of error is that the evidence fails to prove malice aforethough. The evidence is clear that there had been some trouble between appellant and deceased prior to this offense. The day before, a witness testified that appellant showed him a knife and made the statement that he would "get" him (deceased). One witness testified that he saw appellant pull a knife from deceased's chest. Five witnesses testified that they saw no provocation nor trouble before the stabbing, and that the deceased had no weapon in his hand at the scene. The jury was charged on murder with malice and murder without malice. Appellant's last ground of error is overruled, Haynes v. State, 167 Tex.Cr.R. 68, 317 S.W.2d 945.

The judgment is affirmed.