**Alma Rodriguez RUIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42439.

Court of Criminal Appeals of Texas.

Sept. 23, 1970.

Ray Stevens, Buddy Stevens, Houston, for appellant.

William C. Sparks, Dist. Atty., Victoria, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for the possession of heroin; the punishment, life.

The record reflects that the heroin introduced into evidence was obtained under a search warrant. It is contended that the affidavit used to obtain the search warrant did not show sufficient facts to constitute probable cause. The affidavit, dated December 7, 1968, omitting the formal parts, is as follows:

"I, Everette H. Hewett, do solemnly swear that heretofore, on or about the 7th day of December, 1968, in Victoria County, Texas, Alma Ruiz, alias Janie Ruiz did then and there unlawfully possess a narcotic drug, to-wit: Heroin, and I do have good reason to believe and do believe that said narcotic drug is now concealed by the said Alma Ruiz, Alias Janie Ruiz in said County and State in Room 10 of the Victoria Motel in Victoria, Texas, which said premises are occupied by and under the control of the said Alma Ruiz, alias Janie Ruiz.

"My belief of the foregoing is based upon the following facts: 'I know that on or about the 24th day of November, 1968, Walter Eugene Benda, Al G. Cantu and Alma Ruiz came to Six Flags Motel at Victoria in Victoria County, Texas, and occupied adjoining rooms with a connecting door; that the said Walter Eugene Benda later moved to another room in said motel; that after the said Walter Eugene Benda vacated said room, and before it was rented to another occupant, there was found in said room a syringe, spoon and piece of cotton, which items were of the type usually used by heroin addicts; that known and suspected heroin addicts frequented the room occupied by the said Al G. Cantu and Alma Ruiz; and

that the said Al G. Cantu and Alma Ruiz left word that they would be back in Victoria on or about December 6th, 7th or 8th."

There are neither sufficient facts nor underlying circumstances to show probable cause for the issuance of the search warrant. There is no showing in the affidavit that Hewett saw the syringe, spoon and piece of cotton, or that he saw the three people in the adjoining rooms.

In Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503, the complaint for an arrest warrant, in part, read:

" 'The undersigned complainant [Finley] being duly sworn states: That on or about January 26, 1956, at Houston, Texas in the Southern District of Texas, Veto Giordenello did receive, conceal, etc., narcotic drugs, to-wit: heroin hydrochloride with knowledge of unlawful importation; in violation of Section 174, Title 21, United States Code.' "

There the Court stated:

" * * * The Complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made. We think these deficiencies could not be cured by the Commissioner's reliance upon a presumption that the complaint was made on the personal knowledge of the complaining officer. * * * "

In the present case, if the affidavit is construed to show that the information was furnished to Hewett by an informant,[1] then the following statement by the Supreme Court of the United States is applicable:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, * * * the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were. * * * " Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.[2]

See Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.[3]

Because the affidavit does not meet the standards set out in the Giordenello and Aguilar cases by the Supreme Court of the United States, the cause is reversed and remanded.

ONION, Judge (concurring).

While I agree with the result reached by Judge Douglas' opinion, I cannot agree with the reasoning therein, nor am I able to agree with the dissenting opinion.

"A search warrant may be based upon any one of three types of information. First, it may be based entirely upon hearsay—that is, upon an informer's tip. Secondly, it may be based upon facts within the personal knowledge of the affiant. Thirdly, it may be based upon a combination of hearsay and assertions within the affiant's personal knowledge. Whatever

---

1. This Court does not consider testimony on the motion to suppress the evidence seized under the warrant to test the sufficiency of the affidavit; however, it is noted from such testimony that a large part of the affidavit was not based on Hewett's personal knowledge but upon information furnished by others.

2. After this decision, the Legislature adopted Article 18.01, Vernon's Ann.C.C.P., which provides, in part: "No search warrant shall issue for any purpose in this State unless a sworn complaint there-

for shall first be filed with the issuing magistrate setting forth sufficient facts to satisfy the magistrate that probable cause does in fact exist for its issuance."

3. It would serve no useful purpose to review the case where probable cause has been discussed by this Court. For one of the cases which held the affidavit to be sufficient, see Green v. State, Tex. Cr.App., 451 S.W.2d 893. The cases are collated under Article 18.01, V.A. C.C.P., Note 4.

its basis, however, the warrant must contain allegations that go beyond the affiant's mere suspicion or his repetition of another's mere suspicion." Gonzales v. Beto, 425 F.2d 963, 968 (5th Cir.). See also United States v. Flanagan, (5th Cir.) 423 F.2d 745, 747.

In determining the sufficiency of the affidavit in question to reflect probable cause for the issuance of a search warrant, we are bound by the four corners thereof. Art. I, Sec. 9, Texas Constitution; Article 18.01, Vernon's Ann.C.C.P.; Hall v. State, Tex.Cr.App., 394 S.W.2d 659; Gaston v. State, Tex.Cr.App., 440 S.W.2d 297 (concurring opinion). See also McLennan v. State, 109 Tex.Cr.R. 83, 3 S.W.2d 447, 448.

Other information possessed by the police or affiant but not submitted to the magistrate in the affidavit is irrelevant. "Thus the requirements of probable cause must be found to have met within the bounds of such information" contained in the affidavit. Journal of the American Trial Lawyers Association, Vol. 33, p. 232. And other jurisdictions, by local statute or rule, also hold that the search warrant must stand or fall on the affidavit alone. State v. Cadigan, 249 A.2d 750 (Me.); Commonwealth v. Monosson, 351 Mass. 327, 221 N.E.2d 220; Mass.Gen.Laws, ch. 276, Sec. 2B; Me.R.Crim.P. 41. See Durham v. United States, 403 F.2d 190 (9th Cir.); see also United States ex rel. Pugh v. Pate, 401 F.2d 6 (7th Cir.); People v. Bak, 45 Ill. 2d 140, 258 N.E.2d 341, 5 Cr.L.R. 2238. Cf., however, State v. Oliveri, 156 N.W.2d 688 (Iowa); State v. Watling, 104 Ariz. 354, 453 P.2d 500; United States ex rel. Boyance v. Myers, 270 F.Supp. 734 (E.D. Pa.). Under any circumstances, the reviewing court as a federal constitutional requirement may consider only that information, oral, written or a combination thereof, brought to the magistrate's attention at the time of the application for the search warrant. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

I do not understand, however, the State to contend that the affiant possessed additional information or that oral information, not contained in the affidavit, was brought to the attention of the magistrate.

Our problem is complicated because it is not clear from a reading of the affidavit presented to the magistrate whether the facts set forth are based only on the personal knowledge and observation of the officer-affiant or based entirely on hearsay, or based partly on personal knowledge and partly on hearsay.[1]

The majority opinion appears to find the the affidavit defective because there are no affirmative allegations that the affiant spoke with personal knowledge of the matters contained therein, and then concludes that if the affidavit is to be con-

---

1. While it is not proper to look to the testimony given at the trial in testing the sufficiency of the search warrant affidavit to reflect probable cause, it is interesting to note that Officer Hewett, a Texas Highway Patrolman, testified that most of the information set forth in the affidavit was furnished to him by others. He related he stopped a motor vehicle in which Benda was a passenger on November 30, 1968, and arrested the driver for failing to have a driver's license and Benda for permitting an unlicensed driver to drive. He then learned Benda was staying at the Six Flags Motel and learned from the motel owner that the appellant and Cantu, whom he did not know, were also registered there; that he never did see the appellant or Cantu at such motel; that all his information concerning them came from others, including the fact that suspected narcotic users frequented their room; that Benda departed from the motel a day or so prior to the departure of the appellant Ruiz and Cantu; that a maid who cleaned Benda's vacated room showed him where she had found the narcotic paraphernalia; that on December 6, 1968, he checked with such motel to see if the appellant and Cantu had returned and on December 7 discovered the appellant Ruiz had registered at the Victoria Motel; that without more he then obtained the search warrant in question swearing that the appellant had heroin in her possession on that date (December 7).

strued as being based solely upon hearsay, it is also insufficient to reflect probable cause as it fails to satisfy one prong of the two pronged Aguilar test (378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723).

The difficulty with this approach is that (1) no consideration is apparently given to the words in the affidavit including "I know," etc., which seems to indicate some personal knowledge, and (2) if the affidavit is deemed to be based solely upon information from an informant or informants then the affidavit fails to meet not one but both prongs of the Aguilar test.[2] Still further, such opinion does not address itself to the possibility that the affidavit may be based upon a combination of hearsay and personal knowledge of the affiant.

In my opinion, however, the affidavit in question is insufficient under any set of circumstances.

If it be assumed that the facts set forth in the affidavit were entirely within the personal knowledge of the affiant and that the affirmative allegations were sufficient to reflect the same, it still would not be sufficient to establish probable cause.

In the first paragraph of the affidavit as set out in the opinion by Judge Douglas, upon which paragraph the dissent so heavily relies, the affiant swears that the appellant unlawfully possessed heroin in Victoria County on December 7, 1968, and further

added he had "good reason to believe" and did "believe" that the appellant possessed the same in Room 10 of the Victoria Motel. Such paragraph standing alone is merely conclusory and does not set out facts as would permit a finding of probable cause by the magistrate. See Brown v. State, 229 So.2d 40 (Ala.Crim.App.). Such bold statement or belief is further qualified by the second paragraph of the affidavit in question.

All of this was so well explained by Mr. Justice White in his separate concurring opinion in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, as follows:

"An investigator's affidavit that he has seen gambling equipment being moved into a house at a specified address will support the issuance of a search warrant. The oath affirms the honesty of the statement and negatives the lie or imagination. Personal observation attests to the facts asserted—that there is gambling equipment on the premises at the named address.

"But if the officer simply avers, without more, that there is gambling paraphernalia on certain premises, the warrant should not issue, even though the belief of the officer is an honest one, as evidenced by his oath, and even though the magistrate knows him to be an experienced, intelligent officer who has

2. In Aguilar, the Supreme Court wrote:
"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. [2d] 697, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, was 'credible' or his information 'reliable.'" (emphasis supplied)
In 53 California Law Review 840, the Supreme Court's Aguilar rule where suf-

ficient corroboration is absent and where probable cause is based solely upon hearsay was discussed.
There it was said:
"[T]he 'underlying circumstances' of both the informer's conclusion of guilt and the officer's conclusion that the informer is reliable must be put forth before the reviewing magistrate." at 843.
"The Aguilar synthesis combined the requirement that the informer be reliable with the requirement that he have an adequate basis for his allegations, emphasizing the need for 'underlying circumstances' in support of each element." at 844. (emphasis supplied)

been reliable in the past. This much was settled in Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933), where the Court held insufficient an officer's affidavit swearing he had cause to believe that there was illegal liquor on the premises for which the warrant was sought. The unsupported assertion or belief of the officer does not satisfy the requirement of probable cause. Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697, 707 (1960); Grau v. United States, 287 U.S. 124, 53 S.Ct. 38, 77 L.Ed. 212 (1932); Byars v. United States, 273 U.S. 28, 29, 47 S.Ct. 248, 71 L.Ed. 520 (1927).

"What is missing in Nathanson and like cases is a statement of the basis for the affiant's believing the facts contained in the affidavit—the good 'cause' which the officer in Nathanson said he had. If an officer swears that there is gambling equipment at a certain address, the possibilities are (1) that he has seen the equipment; (2) that he has observed or perceived facts from which the presence of the equipment may reasonably be inferred; and (3) that he has obtained the information from someone else. If (1) is true, the affidavit is good. But in (2), the affidavit is insufficient unless the perceived facts are given, for it is the magistrate, not the officer, who is to judge the existence of probable cause. Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503 (1958); Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948). With respect to (3), where the officer's information is hearsay, no warrant should issue absent good cause for crediting that hearsay. Because an affidavit asserting, without more, the location of gambling equipment at a particular address does not claim personal observation of any of the facts by the officer, and because of the likelihood that the information came from an unidentified third party, affidavits of this type are unacceptable."

Does the second paragraph of the affidavit in question change the result? I think not. While the affiant uses therein the words "I know," he states that his "belief" as set forth in the first paragraph is based in part on the fact that the appellant, Al Cantu and one Benda had come to the Six Flags Motel on November 24, 1968, and that the appellant Ruiz and Cantu departed an unspecified time later leaving "word they would be back in Victoria on or about December 6th, 7th or 8th." Nothing in these facts shows probable cause, nor is it aided by the mere fact that the trio occupied adjoining rooms with a connecting door. There was no assertion that such door was ever opened and connecting doors in today's motels are rather commonplace. The affiant does state that Benda later moved to another room where there was found narcotic paraphernalia after it was vacated by Benda. There is nothing, however, to indicate that the appellant was ever in or near such room. The affidavit does reveal that unidentified and an unspecified number of "known and *suspected heroin addicts frequented the room occupied by the said Al G. Cantu and Alma Ruiz.*" This latter fact is the most damaging circumstance contained in the affidavit, but there is nothing to show that the appellant or Cantu were ever seen in possession of any narcotics, and there is no assertion that the affiant had previously known the appellant or Cantu or had even received any information concerning the appellant or the others.

Further, in Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917, the Supreme Court said:

"The officer was not acquainted with Sibron and had no information concerning him. He merely saw Sibron talking to a number of known narcotics addicts over a period of eight hours. It must be emphasized that Patrolman Martin was completely ignorant regarding the

content of these conversations, and that he saw nothing pass between Sibron and the addicts. So far as he knew, they might indeed 'have been talking about the World Series.' The inference that persons who talk to narcotic addicts are engaged in the criminal traffic in narcotics is simply not the sort of reasonable inference required to support an intrusion by the police upon an individual's personal security. Nothing resembling probable cause existed until after the search had turned up the envelopes of heroin."

It is clear therefore that even if it is considered that the affiant spoke with personal knowledge of all the matters contained in the second paragraph of the affidavit there is not a sufficient basis upon which a finding of probable cause could be predicated.

If the affidavit in question was based entirely on hearsay then, as earlier noted, it clearly fails both prongs of the Aguilar test and cannot prevail as a proper basis for the issuance of the search warrant in question. Cf. footnote #1.

"If the affidavit in question was not based on hearsay alone" as indicated by the dissent, but upon a combination of hearsay and personal knowledge, then the statements of Mr. Justice Harlan in the "majority" opinion in Spinelli are deemed pertinent.

There he wrote:

"The informer's report must first be measured against Aguilar's standards so that its probative value can be assessed. If the tip is found inadequate under Aguilar, the other allegations which corroborate the information contained in the hearsay report should then be considered. At this stage as well, however, the standards enunciated in Aguilar must inform the magistrate's decision. He must ask: Can it fairly be said that the tip, even when certain parts of it have been corroborated by independent sources, is as trustworthy as a tip which would pass Aguilar's tests without independent corroboration? Aguilar is relevant at this stage of the inquiry as well because the tests it establishes were designed to implement the long-standing principle that probable cause must be determined by a 'neutral and detached magistrate,' and not by 'the officer engaged in the often competitive enterprise of ferreting out crime.' Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948). A magistrate cannot be said to have properly discharged his constitutional duty if he relies on an informer's tip which—even when partially corroborated—is not as reliable as one which passes Aguilar's requirements when standing alone."

The affidavit clearly does not meet this test.[3]

---

3. The dissent does not attempt to explain how the affidavit meets this test. In this writer's opinion the case at bar is not Gaston nor controlled by it nor by this writer's concurring opinion therein. In Gaston, unlike the case at bar, the affidavit for a search warrant expressly stated the affiants had received information from an informer. The majority found probable cause without delineating just how the affidavit met both prongs of the Aguilar test. In this writer's concurrence it was determined that the affidavit met the first prong of the Aguilar test but was insufficient to satisfy the second prong thereof. I concurred on the ground that a close reading of the affidavit as a whole, including the particular words used, convinced me

there was more than hearsay involved. I determined there was enough personal knowledge of the affiants contained in the affidavit to supply any remaining deficiencies in the otherwise supported conclusion that the informer was "credible and reliable."

It is also well established that probable cause for the issuance of a search warrant cannot be bolstered by the results of fruits of the subsequent search. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134; Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; State v. Scanlon, 84 N.J.Super. 427, 202 A.2d 448; State v. Campbell, 97 N.J. Super. 435, 235 A.2d 235. In United

It is for these reasons I concur in the holding that the affidavit does not reflect probable cause.

WOODLEY, Presiding Judge, (dissenting).

Represented by the same retained counsel and separately indicted for the offense of unlawful possession of heroin, appellant Ruiz and Marcello T. Flores, Jr., appellant in our Cause No. 42,438, 457 S.W.2d 902, filed identical motions to suppress evidence, agreed to be tried jointly and waived a jury.

The motion to suppress was heard and overruled. At the hearing the affidavit for search warrant, the warrant and the return of the officer-affiant, Texas Highway Patrolman Everette H. Hewett, were introduced by appellants and the magistrate who issued the warrant was called by appellants and testified.

The evidence which appellants sought to suppress, which was afterwards admitted, is reflected in the return of Patrolman Hewett, the officer executing the search warrant:

"On December 8, 1968, at approximately 1:30 AM, I, Everette Hewett, served this search warrant by going to room #10 of the Victoria Motel which is located at 709 East Rio Grande Street in the City and County of Victoria, Texas and searched said room.

"During the search I found Alma Rodrigues Ruiz and Marcello Flores to be in the room. Kenneth Bertling, Jerry Renfroe, Tom Kennedy and Jesse Ramirez assisted me in serving this search warrant. During the search we found ten small packets of heroin which I retrieved from the commode when Marcello Flores threw them in and tried to flush them down. Also found were two hypodermic syringes just outside the bathroom window where they had been thrown out by Marcelo Flores and a spoon which showed evidence of being used to cook heroin before injecting it.

"We further found two measuring spoons on the right-hand top dresser drawer that was in the room. Also seized were what I believed to be pentobarbital capsules, secobarbital capsules, amphetamine capsules and amphetamine-barbiturate combination capsules.

"All these items were seized along with $923.35 which were in the possession of Alma Rodriguez Ruiz."

In support of his motion to suppress, appellants' counsel argued before the trial court and cited the concurring opinion in Gaston v. State, Tex.Cr.App., 440 S.W.2d 297, cert. denied, 396 U.S. 969, 90 S.Ct. 452, 24 L.Ed.2d 435.

As to that portion of such concurring opinion which convinced its writer that "there is more than hearsay here involved," appellants' counsel's only attempt to distinguish Gaston was: "Then again, like I say, the Court came to grips with Spinelli, on March 12, Judge Onion that concurred there, but it is clearly distinguishable from this case because the affidavit is by far much different and much better than this one. However, I believe Judge Onion in concurring, discusses all these cases very well and points to the Aguilar, the Jones decisions. And this just doesn't meet the test at any point, Your Honor. This

States ex rel. Rogers v. Warden of Attica State Prison (2nd Cir.), 381 F.2d 209, 221, it was said:
"And certainly it is too late to advocate that a search can be justified by the fruit it produces, for if that is the law the discredited maxim that the end justifies the means will be given official sanction."

It is observed that the dissenting opinion at its outset sets forth the evidence reflected by the return of the search warrant as if in some way that could be utilized in the determination of probable cause. It cannot and only serves to further confuse the bench and the bar as well as dedicated peace officers who diligently seek to avoid past mistakes.

wouldn't even meet the test, we feel, under Aguilar."

The opinion prepared by Judge Douglas, who did not participate in the disposition of the appeal in Gaston v. State, supra, sets out the affidavit upon which the search warrant in the cases before us was issued and holds that there are neither sufficient facts nor underlying circumstances to show probable cause for the issuance of the search warrant, citing Giordenello v. U. S.

An affidavit for search warrant may be based on personal observation of the affiant or hearsay or a combination of both. U. S. v. Flanagan, 5th Circuit, 423 F.2d 745, 747; Gonzales v. Beto and Acosta v. Beto, 5th Circuit, decided May 6, 1970, 425 F.2d 963.

The affidavit of Texas Highway Patrolman Hewett upon which the search warrant was issued reflects that it *was not* based upon hearsay alone.

On December 7, 1968, Patrolman Hewett solemnly swore that on or about the 7th day of December, 1968, in Victoria County, Texas, Alma Ruiz, Alias Janie Ruiz, unlawfully possessed heroin.

In Gaston, supra, the affiants swore that "a certain building, house and place occupied and used as a private residence, located in Austin, Travis County, Texas, described as a white frame two story house located at 608 East 19½ Street, Austin, Travis County, Texas, with the bottom apartment, which is to be searched, facing and being entered from 19½ Street, and being the building, house or place of Sharland Elizabeth Reeves, W-F approximately 21, 5′6″, brown hair with bangs, blue eyes and other person or persons unknown to affiants by name, identity or description, is a place * * *."

The affidavit in the case at bar continues: "and I have good reason to believe and do believe that said narcotic drug is now concealed by Alma Ruiz, Alias Janie Ruiz, in said County and State, in Room 10 of the Victoria Hotel * * *."

In Gaston, supra, the affidavit continued: "where we each have reason to believe and do believe that said party so occupying and using as a private residence the said house and place has in her possession therein narcotic drugs * * *."

In the case at bar the affidavit sets out facts which affiant swore *he knew,* upon which his belief was based.

In Gaston the affidavit set out information received from a credible and reliable informant upon which the affiants based their belief.

Like the case at bar, Gaston was a trial on a plea of not guilty and the sufficiency of the affidavit to show probable cause for the issuance of the search warrant was the sole issue raised on appeal.

This court held that the affidavit in Gaston was sufficient, two of the four Judges participating expressing the view that there was more than hearsay in the affidavit, and affirmed the conviction. Since the trial of the case at bar the Supreme Court denied certiorari in Gaston, supra.

Appellants' counsel state in their briefs: "The appellants have found no case comparable to the case now before the court." Nor have I.

Unfortunately the Supreme Court will not have the opportunity to pass upon the sufficiency of the affidavit in the cases at bar, as it did in Gaston v. State.

I would hold the affidavit sufficient to show probable cause.

BELCHER, J., joins in this dissent.