Louis POLANCO, Appellant,

v.

The STATE of Texas, Appellee.

No. 44230.

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

Rehearing Denied Feb. 16, 1972.

James Moore, Houston, for appellant.

Robert O. Smith, Dist. Atty., Lawrence Wells and Phoebe Lester, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of heroin where the punishment was assessed by a jury at 35 years.

There is no challenge to the sufficiency of the evidence. Austin police officers, armed with a search warrant, went to a trailer house belonging to a Dudley Bryant at 2 p. m. on July 11, 1969. Bryant, the appellant Polanco and a known addict Keto Wilson were found in the front room of the house. A search uncovered heroin and Bryant and the appellant were charged with the possession of such narcotics.

At the outset appellant contends the court erred in admitting into evidence heroin seized under a search warrant which was based on an affidavit which did not reflect probable cause in violation of the Fourth and Fourteenth Amendments to the United States Constitution. See also Article I, Sec. 9, Texas Constitution, Vernon's Ann.St.

The affidavit, omitting the formal parts, reads:

"Before me, the undersigned authority, on this day personally appeared the undersigned affiants, who being by me severally sworn, upon their oaths state, that: A certain building, house and place, occupied and used as a private residence, located in Austin, Travis County, Texas, described as a yellow and silver trailer with a small grove of banana trees growing across the front of the trailer. The trailer is designated as 23A located in Pecan Grove Trailer Park, 1518 Barton Springs Road, Austin, Travis County, Texas and being the building, house or place of DUDLEY BRYANT, WM dob 5-23-28, APD #8191 and other person or persons unknown to affiants by name, identity or description is a place where we each have reason to believe and do believe that said party so occupying and using, as a private residence, the said building,

house and place has in his possession therein narcotic drugs, as that term is defined by law, and contrary to the provisions of law, and for the purpose of the unlawful sale thereof, and where such narcotic drugs are unlawfully sold; that on or about the 11th day of July, A.D., 1969, Affiants have received information from a reliable and credible informant that DUDLEY BRYANT, WM dob 5–23–28, APD#8191, is keeping and selling narcotics to-wit HEROIN in his residence at 23A Pecan Grove Trailer Park, 1518 Barton Springs Road, Austin, Travis County, Texas. The informant further states that people are going up to the trailer house belonging to DUDLEY BRYANT, going inside or calling them outside and then they go over to the ball park located in the 1500 block of Toomey Road and exchange objects. Based on these observations, a surveillance was maintained on DUDLEY BRYANT'S trailer from July 9, 1969 through July 10, 1969 and numerous people known to be drug addicts and pushers go to BRYANT'S trailer, stay a few seconds and then go into the ball park, and an object believed to be HEROIN was exchanged for money and then the customer would leave. Based also on our observations, DUDLEY BRYANT is keeping his narcotics in a small utility shed belonging to his trailer space and inside the trailer too."

■ In determining the sufficiency of the affidavit we are bound by the four corners thereof. Art. I, Sec. 9, Tex. Const.; Article 18.01, Vernon's Ann.C.C. P.; Nicol v. State, Tex.Cr.App., 470 S.W. 2d 893; Gaston v. State, Tex.Cr.App., 440 S.W.2d 297 (concurring opinion), cert. den. 396 U.S. 969, 90 S.Ct. 452, 24 L.Ed.2d 435; Ruiz v. State, Tex.Cr.App., 457 S.W.2d 894 (concurring opinion); Hall v. State, Tex. Cr.App., 394 S.W.2d 659; McLennan v. State, 109 Tex.Cr.R. 83, 3 S.W.2d 447, 448.

■ A search warrant affidavit may be based entirely on hearsay information and need not reflect the direct personal obser-

vations of the affidavit so long as there is a substantial basis for crediting the hearsay. See Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, made clear, however, that in such cases, "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, was 'credible' or his information 'reliable.' "

In Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, the rule was referred to as "Aguilar two prong test." And in 53 California Law Review 840, it was said:

"The Aguilar synthesis combined the requirement that the informer be reliable with the requirement that he have an adequate basis for his allegations, emphasizing the need for 'underlying circumstances' in support of each element." at p. 844.

Applying these principles we first consider the weight to be given the informer's tip when it is considered apart from the rest of the affidavit. The affiants swore their informant was "reliable and credible" and offered the magistrate no reason in support of such conclusion. It is thus clear that the second prong of Aguilar was not met. Spinelli v. United States, supra. What about the first prong? The affiants swore the informant told them Dudley Bryant was keeping and selling heroin at his residence giving the address and further stated "that people were going up to the trailer house belonging to Dudley Bryant, going inside or calling them outside and then they would go over to the ball park located in the 1500 block of Toomey Road and exchange objects." There was no showing that the informer personally observed the transactions he re-

ported or acquired the information by personal knowledge, nor was there a showing that the informer otherwise based his information reliably. The affidavit fails to explain how the informant came by his information.

If we were dealing with an affidavit which contained hearsay alone, it would be insufficient to satisfy the Aguilar test.

In addition to the hearsay, there are other facts set forth obtained from a police surveillance.

In Acosta v. State, Tex.Cr.App., 403 S.W.2d 434, the hearsay set forth in the affidavit failed to satisfy one prong of the Aguilar test, but as a result of a surveillance set up after the receipt of the tip the affiants observed several persons known to be narcotic users enter the house in question, remain approximately five minutes and leave. These observations were also set forth in the affidavit with the informer's tip. Taken together, this court upheld the validity of the search warrant based upon such affidavit. Similar affidavits have been upheld in other cases. Gonzales v. State, 410 S.W.2d 435, cert. den. 387 U.S. 925; Bosley v. State, Tex.Cr.App., 414 S.W.2d 468; Aguilar v. State, Tex.Cr.App., 444 S.W.2d 935; Brown v. State, 437 S.W.2d 828, cert. den. 393 U.S. 1089, 89 S.Ct. 850, 21 L.Ed.2d 782; O'Quinn v. State, Tex.Cr.App., 462 S.W.2d 583; Gonzales v. Beto, Acosta v. Beto, 5 Cir., 425 F.2d 963.

And in Spinelli v. United States, supra, and Gonzales v. Beto, supra, it was held that corroborating facts from police observation could make an affidavit valid even if the hearsay contained therein was not sufficient to meet both prongs of Aguilar.

In Spinelli, Mr. Justice Harlan wrote:

"The informer's report must first be measured against Aguilar's standards so that its probative value can be assessed. If the tip is found inadequate under Aguilar, the other allegations which cor-

roborate the information contained in the hearsay report should then be considered. At this stage as well, however, the standards enunciated in Aguilar must inform the magistrate's decision. He must ask: Can it fairly be said that the tip, even when certain parts of it have been corroborated by independent sources, is as trustworthy as a tip which would pass Aguilar's tests without independent corroboration? Aguilar is relevant at this stage of the inquiry as well because the tests it establishes were designed to implement the longstanding principle that probable cause must be determined by a 'neutral and detached magistrate,' and not by 'the officer engaged in the often competitive enterprise of ferreting out crime.' Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948). A magistrate cannot be said to have properly discharged his constitutional duty if he relies on an informer's tip which—even when partially corroborated—is not as reliable as one which passes Aguilar's requirements when standing alone."

In Gonzales v. Beto, supra, the court states that:

" * * * an informer's tip can be significantly buttressed if either (1) independent observations by the affiant corroborate sufficient details of the tip (whether suspicious or not) to negate the possibility that the informer 'fabricat[ed] his report out of the whole cloth' (the Draper situation),[1] or (2) independent observations by the affiant contribute to a showing of probable cause by revealing not merely normal patterns of activity but activity that reasonably arouses suspicion (the McCray situation).[2] We consider the Spinelli case to mean that either of these buttressing observations may allow the magistrate to resolve the required comparison with Aguilar in favor of issuing the search warrant."

1. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

2. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

■ We conclude the independent buttressing observations sufficient to satisfy the requirements of probable cause. The surveillance showed that people were going to the trailer house in question, staying a few seconds then going to the nearby ball park and exchanging objects just as the informer had reported. Putting aside whether these acts were suspicious in and of themselves, it is clear that the informer's report was not fabricated out of the whole cloth. Further, the people approaching the trailer house were known to the affiants who conducted the surveillance as narcotics addicts and pushers who would stay a few seconds—facts somewhat similar to those in Acosta. Still further, there was activity that reasonably aroused suspicion, particularly in light of the informer tip (that the appellant was keeping and selling narcotics). Addicts and pushers were observed going to a ball park where money was being exchanged for an object. While the affidavit is no model and it was not drafted as well as it might have been, we believe our construction is a common sense and realistic reading of the affidavit. See United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684.

Appellant's first ground of error is overruled.

■ Next he contends the court erred in refusing to charge the jury "upon request" on the law of circumstantial evidence. Like the State, we have searched the record and fail to find where such charge was requested. Under any circumstances there is no written objection to the court nor special requested charge in the record in accordance with Articles 36.14 and 36.15, V.A.C.C.P. Hart v. State, 455 S.W.2d 237 (Tex.Cr.App.1970); Baity v. State, 455 S.W.2d 305 (Tex.Cr.App.1970); Ivey v. State, 425 S.W.2d 631 (Tex.Cr.App.1968); Castanuela v. State, 171 Tex.Cr.R. 173, 346 S.W.2d 332 (1961).

■ Lastly, appellant complains that the indictment should have been quashed because he had been denied his right to an examining trial. He contends an examining trial had been set when an indictment was returned terminating his right to such proceedings, but that such indictment was dismissed and that the instant indictment was returned after the date set by the Justice of the Peace for the examining trial. He urges that, under these circumstances, the court erred in denying his motion to quash the re-indictment. We do not agree. See Harris v. State, Tex.Cr.App., 457 S.W.2d 903 and cases there cited. Brown v. State, Tex.Cr.App., 475 S.W.2d 938.

The judgment is affirmed.

ODOM, Judge (dissenting).

This case should be reversed and the cause remanded to the trial court because the search warrant was based upon an affidavit that did not show sufficient facts to justify a magistrate in finding probable cause for the search.

The majority cogently and candidly admits that the hearsay portion of the affidavit in question fails to meet either of the prongs of the test required by Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. Then they proceed to find "the independent buttressing observations sufficient to satisfy the requirements of probable cause." In reaching this conclusion, the majority purports to follow the test promulgated by the United States Supreme Court in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. I believe this test has been improperly applied in the instant case.

When hearsay is made the basis of an affidavit for a search warrant, Aguilar requires two kinds of information to be disclosed. The first prong requires information showing that matter which is lawfully subject to seizure is probably where it is alleged to be. The second prong of the Aguilar test requires information showing the reliability of the informant. See Jaben v. United States, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345; Wright, Federal Practice and Procedure: Criminal Sec. 662.

The holding in Spinelli is that corroborating facts from police observations which

are stated in the affidavit can be taken into account to determine whether the affidavit as a whole meets both requirements of Aguilar. However, where the hearsay portion of the affidavit does not meet Aguilar standards, the corroborating observations must supply sufficient information to correct the particular deficiency in the hearsay portion.[1]

The majority opinion finds the corroborating information sufficient to meet both prongs of Aguilar. I, however, can find nothing in the affidavit to indicate that either the informant or the affiants had personal knowledge that heroin was being possessed and sold. The hearsay portion of the affidavit recites that persons " . . . go over to the ball park located in the 1500 block of Toomey Road and exchange objects." The independent buttressing observations state only "that an object believed to be HEROIN was exchanged for money" in the ball park.

The mere assertion that contraband is being possessed is insufficient to meet the first prong of Aguilar. See Nicol v. State, Tex.Cr.App., 470 S.W.2d 893. A warrant must contain allegations which go beyond the affiant's mere suspicion or his repetition of another's mere suspicion. Ruiz v. State, Tex.Cr.App., 457 S.W.2d 894 (Onion, J., concurring). An inference that persons who talk to narcotics addicts are engaged in the criminal traffic of narcotics is not the sort of reasonable inference required to support an intrusion by police upon an individual's personal security. Sibron v. New York, 392 U.S. 40, 88 S.Ct.

1889, 20 L.Ed.2d 917. A bald assertion that contraband is being possessed by a specific person at a specific place "is merely conclusory and does not set out facts as would permit a finding of probable cause by the magistrate." Ruiz v. State, supra, 457 S.W.2d at 897.

An unsupported assertion remains only an assertion. An informant's tip which is insufficient under one of the prongs of the Aguilar test cannot be buttressed by observations which merely restate the same assumptions. Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306; Spinelli v. United States, supra.

In the instant case, suspicions and assumptions have been carefully nurtured and forced to blossom into probable cause. The Fourth Amendment requires more. It requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." As Lord Chief Justice Pratt stated in Wilkes v. Wood, 19 How.St.Tr. 1153 (1763):[2]

" . . . a discretionary power given to messengers to search wherever their suspicions may chance to fall . . . certainly may affect the person and property of every man in this kingdom, and is totally subversive of the liberty of the subject."

I am concerned that the majority opinion may have the effect of granting such power.

I respectfully dissent.

---

[1]. In Spinelli, the hearsay portion of affidavit was found to be insufficient under both prongs of Aguilar. The corroborating circumstances were found insufficient to support either prong. The affiant had attempted to corroborate the hearsay portion of the affidavit with information that the defendant had two telephones with different listings, a circumstance which might be found in the type of the book-making operation alleged. As Mr. Justice White stated in his concurring opinion:

" . . . if the officer simply avers, without more, that there is gambling paraphernalia on certain premises, the warrant should not issue, even though the belief of the officer is an honest one, as evidenced by his oath, and even though the magistrate knows him to be an experienced, intelligent officer who has been reliable in the past."

[2]. This case and the later decision in Entick v. Carrington, 19 How.St.Tr. 1029 (1765), formed the basis for Fourth Amendment requirements. Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965).