Jacob MOHR, Appellant,

v.

The STATE of Texas, Appellee.

No. 45694.

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Rehearing Denied Jan. 10, 1973.

M. Scott Stehling, Austin, for appellant.

Robert O. Smith, Dist. Atty., Michael J. McCormick, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the possession of marihuana; the punishment, ten years imprisonment. The imposition of sentence was suspended and the appellant was placed on probation.

The sufficiency of the evidence is not challenged; it shows a marihuana cigarette was found in the pocket of appellant's jeans and a larger quantity was discovered near him in the bedroom where he was found sleeping. Some of appellant's clothes were also found in a closet in that room. No other person was in the house at the time the officers came to execute the search warrant.

The appellant's first ground of error complains of the trial court's refusal to compel disclosure of the identity of the informer, whose information recited in the affidavit for the search warrant furnished a partial basis to establish probable cause for the issuance of the search warrant.

During the pretrial hearing on the motion to suppress evidence, the trial court refused to compel the affiant to the search warrant affidavit to disclose the identity of the informer referred to in the affidavit. During the trial on the merits to determine innocence or guilt, the appellant made no request to obtain the informer's identity.

The appellant relies upon Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Roviaro does not support his theory. Roviaro does not require the disclosure of the name of the informer on a preliminary hearing to determine probable cause for arrest or search. Roviaro does require that the name of an informer be revealed at the trial on the merits when shown to be necessary for fundamental fairness.

In McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), the United States Supreme Court clearly recognized the privilege to withhold the informer's name at a pretrial hearing on a motion to suppress evidence. See also Bosley v. State, 414 S.W.2d 468 (Tex.Cr.App.1967).

Not having requested the informer's identity during trial, the appellant cannot now complain that the informer's identity was not revealed to him. However, had he made such a request during the trial on the merits, the trial court would have been correct in denying such request because we find nothing in the record that indicates the informer referred to in the affidavit would have been a material witness. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) and Yantis v. State, 476 S.W.2d 24 (Tex. Cr.App.1972).

The appellant's other ground of error concerns the overruling and denial of the motion to suppress evidence.

The appellant says that he was denied the right to learn the identity of the informer and consequently the right to cross-examine that informant. His argument then is that "if appellant is denied the right to cross-examine this material witness (the informer), any other communication (that related in the affidavit for search warrant) is hearsay and cannot be used for any purpose." This reasoning has been rejected many times as it is the uniform rule that probable cause may be supported by hearsay evidence. E. g., Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Gonzales v.

Beto, 425 F.2d 963 (5th Cir. 1970) and Polanco v. State, 475 S.W.2d 763 (Tex.Cr. App.1971).

The judgment is affirmed.

Opinion approved by the Court.