**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Walter Mark FLANAGAN, Defendant-Appellant.**

**No. 26828.**

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1970.

George E. Cochran, Ft. Worth, Tex., court-appointed, for appellant.

Eldon B. Mahon, U. S. Atty., Robert S. Travis, Asst. U. S. Atty., Ft. Worth, Tex., Jonathan S. Cohen, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before THORNBERRY, GODBOLD and MORGAN, Circuit Judges.

GODBOLD, Circuit Judge:

Flanagan was convicted by a jury of possession of stolen government property, 18 U.S.C. § 641. His major contention is that stolen property introduced in evidence against him was the product of an illegal search and seizure. The search was conducted pursuant to a state search warrant. The warrant is attacked on two grounds: (1) that it is the fruit of a prior illegal arrest,[1] asserted to be pretextual and without probable cause, and (2) that the affidavit on which the search warrant was issued fails to meet the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), as explained and applied in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

We conclude that the warrant to search appellant's residence "and all vehicles and curtelage [sic] thereon" was issued without probable cause. The affidavit was made by the state District Attorney, of Tarrant County (Ft. Worth), Texas. It set forth various facts said to have been given him by reliable, credible and trustworthy citizens of Ft. Worth. The facts set out were these. (1) A named home in Houston had been burglarized by Flanagan on a date ten days before. (2) described items of jewelry had been taken therefrom and not yet recovered. (3) Flanagan had been arrested in Dallas, Texas earlier in the day on which the affidavit was made. He had sought to elude officers, but after pursuit was arrested. (4) Upon his arrest there was recovered from him merchandise which was identified as stolen in the Houston burglary.[2] (5) Flanagan was known to the arresting officers and to the affiant as a felon. These were all the underlying facts that were set out. Added was the affiant's conclusory statement of his personal belief that the remainder of the jewelry stolen in Houston was concealed at Flanagan's residence in Ft. Worth (affiant's belief was stated alternatively as good reason to believe that there was a "strong probability" that the remainder of the property was hidden at Flanagan's residence.)

The search of the Flanagan residence turned up guns, furs and jewelry stolen from private homes. At least one piece of jewelry was one of those taken in the Houston burglary. In a shed or workshop in the back yard the searchers found the tools which are the subject of this prosecution.[3]

An evaluation of the constitutionality of a search warrant begins with the rule that the informed and deliberate determination of probable cause is to be made by the neutral and detached magistrate rather than by the police officer, even though the officer be zealous and

1. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

2. Factually this was an error. The merchandise had been found on Flanagan's companion, one of the informers, who was traveling with Flanagan in Flanagan's car. But we do not rest our decision on this error.

3. Appellant does not raise the issue of whether the warrant authorized search of the separate building.

enterprising in ferreting out crime. The reasons for the rule go to the roots of the Fourth Amendment, and a contrary rule would reduce that Amendment to a nullity and leave the people's homes secure only in the discretion of police officers. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); United States v. Lefkowitz, 285 U.S. 452, 464, 52 S.Ct. 420, 76 L.Ed. 877, 882 (1932).

■■ The affidavit may be based on personal observation of the affiant, or hearsay, or a combination thereof. If an affiant relies on the observations of an informant, he must reveal to the magistrate circumstances from which he concluded that the informer was reliable. In addition, if the affiant relies on conclusions drawn by the informer, he must relate the circumstances upon which the informer based his conclusions. Otherwise the inferences drawn from the facts are not drawn by a neutral and detached magistrate, as the Fourth Amendment requires. Aguilar v. Texas, 378 U.S. at 115, 84 S.Ct. at 1514, 12 L.Ed.2d at 729.

■■ In this instance the affidavit revealed no factual observations by the informants that the stolen goods were at Flanagan's residence. Nor did it state any conclusions of informants to that effect. The inference that the goods were, or might be, at Flanagan's residence was entirely the District Attorney's. The affidavit contained nothing, either in the limited recital of the District Attorney's personal knowledge (that Flanagan was a known felon) or communications from informants (factual or conclusory) that the missing goods were where the District Attorney said they might be, other than that the house was said to be Flanagan's residence. Thus, this case does not reach the *Aguilar-Spinelli* problem of measuring the underlying circumstances to support the observations, factual and conclusory, of an informer. There were no informer's facts or conclusions about location of the goods. Nor does this case present a

*Draper* problem.[4] The statement, even if reliable, that a named person who is a known felon has committed a burglary, plus possession by the suspect of some of the proceeds when arrested, does not without more authorize the issuance of a warrant to search the residence of the accused miles away. United States v. Whitlow, 339 F.2d 975 (7th Cir. 1964); Gillespie v. United States, 368 F.2d 1 (8th Cir. 1966). It would be inappropriate for us, in this case, to attempt to spell out what might tip the scales. What we do decide is that what was here presented, accepted as reliable and as supported by sufficient circumstances, is not enough.

In *Whitlow*, as here, accepting all allegations of the affidavit at face value, they "raise[s] no more than an anemic suspicion that the stolen property was located in [the] home sought to be searched." 339 F.2d at 980. In *Gillespie* the information furnished the magistrate was that the accused had a gambling stamp and was engaged in the gambling business, plus the conclusory statement of the affiant that he had good reason to believe there were gambling devices at the accused's residence. The warrant was held invalid.

While collateral to the issue, it is to be noted that on hearing of Flanagan's motion to suppress it developed that he had another residence in another town in Texas and that he spent much of his time at his sister's home in Ft. Worth.

In the event there is a retrial we briefly refer to other issues. The probable cause for arrest was so strong as to make appellant's contention in this regard almost frivolous. There was no pretextual traffic arrest. The traffic violation did not even occur until two officers, one or both with guns drawn, approached Flanagan's car at a red light to take him into custody and he fled through the red light.

Reversed and remanded.

4. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *Cf.*,

United States v. Acosta, 411 F.2d 627 (5th Cir. 1969).