UNITED STATES of America,
Plaintiff-Appellee,

v.

Curtis George LOCKETT,
Defendant-Appellant.

No. 80–7899.

United States Court of Appeals,
Eleventh Circuit.

April 30, 1982.

Charles E. Clark, Birmingham, Ala., Court-appointed, for defendant-appellant.

William A. Kimbrough, Jr., U. S. Atty., E. T. Rolison, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before TUTTLE, RONEY and HENDERSON, Circuit Judges.

HENDERSON, Circuit Judge:

On July 12, 1980, Agent John Osborne of the Bureau of Alcohol, Tobacco and Firearms (ATF) executed an affidavit to search the "residence of Curtis George Lockett at Rt. 2, Box 35, Sweetwater, Marengo County, Alabama," for dynamite and blasting caps stored in violation of 18 U.S.C. § 842(j). That section makes it "unlawful for any person to store any explosive material in a manner not in conformity with regulations promulgated by the Secretary

[of the Treasury]."[1] Based on the affidavit of the ATF agent alone, the United States magistrate issued the search warrant. The search revealed 85 sticks of dynamite improperly stored in an abandoned car on the premises and seven sticks located inside a wooden house. Prior to trial, the district court, after an evidentiary hearing, denied the defendant's motion to suppress the fruits of the search. Lockett was subsequently convicted before a jury. He now raises several issues on appeal, the most significant of which is whether the evidence before the magistrate was sufficient to show the requisite probable cause necessary to authorize the search.

In passing on the validity of the warrant, consideration may be given *only* to information brought to the attention of the magistrate. *Aguilar v. Texas*, 378 U.S. 108, 109 n. 1, 84 S.Ct. 1509, 1511 n.1, 12 L.Ed.2d 723 (1964); *United States v. Melvin*, 596 F.2d 492 (1st Cir.), *cert. denied*, 444 U.S. 837, 100 S.Ct. 73, 62 L.Ed.2d 48 (1979). Here, all of the evidence furnished to the magistrate is included in the affidavit. Record, Vol. 4 at 5. After describing the premises to be searched as the "residence" of Curtis George Lockett, the pertinent facts are related as follows:

> Curtis George Lockett was dismissed by South Central Bell Telephone Co. in May of 1976; since that time Lockett has taken several legal actions against South Central Bell and has lost in each action; about 3–14–80 SCB Attorney Donald Edwards received an unsigned letter dated 3–13–80, believed to be from Lockett due to the content and which contains implied threats; said letter had attached photographs of the residences of several SCB officials and a SCB building; between 3–27–80 and 7–8–80 several telephone conversations between Lockett and SCB

Attorneys Donald Edwards and Ken Jackson have taken place in which implied threats were made and explosives were mentioned by Lockett.

> On June 19, 1980, an explosive device was found at a South Central Bell Building in Washington County, AL. This device consisted of dynamite and an electric cap. On June 26, 1980, I checked the records of federally licensed Explosives Dealer, A.W. Compton and Son, Nanafalia, AL. I found an Explosive Transaction Record, Form 4710, dated 6–9–80 and signed by Curtis G. Lockett. This record revealed that Lockett purchased one case of dynamite, 20 electric caps, and 20 safety caps. A.W. Compton, Jr., partner, stated that he knew Curtis George Lockett personally and that he had made the sale to Lockett on 6–9–80. The dynamite and electric cap found on 6–19–80 were the same type as those purchased by Lockett on 6–9–80.

> On July 11, 1980, this affiant observed these premises from the public county road and I saw no structures which would indicate proper storage facilities on the premises for storing high explosives.

Record, Vol. 1 at 16. There follows a handwritten statement by the affiant to the effect that he believes that dynamite is on the premises. Such a conclusory statement, without more, of course has no probative value.

The affidavit must be read in a common sense fashion, *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965), and great deference given to the magistrate's finding which should be upheld in marginal or doubtful cases. *United States v. Ventresca, supra; United States v. Flynn*, 664 F.2d 1296 (former 5th Cir. 1982). However, the warrant requirement of the fourth amendment is a valuable and cherished protection

---

1. Title 27 C.F.R. § 181.182 defines dynamite as a "high explosive." Title 27 C.F.R. § 181.-188(b) provides for indoor storage of high explosives in a "type 2" storage facility (a specially constructed box), but states that "[n]o indoor facility for the storage of high explosives shall be located in a residence or dwelling." Dynamite may be stored outdoors in a specially constructed building or box, 27 C.F.R. §§ 181.183, 181.187, but must remain certain minimum distances (relative to the amount of explosives) from inhabited buildings (340 feet if 50–75 pounds of dynamite is stored in a facility which is not screened by a wall). 27 C.F.R. §§ 181.186, 181.198.

against unreasonable intrusion. Consequently, a reviewing court must take great care to insure that warrants are issued only upon a showing of probable cause. *Aguilar v. Texas*, 378 U.S. 18, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). For the reasons expressed below, we do not believe that this affidavit meets that standard and we accordingly reverse the conviction.

■■■ The affidavit essentially makes four points: (1) on June 6, 1980 Lockett purchased a case of dynamite;[2] (2) Lockett was a disgruntled former employee of South Central Bell Telephone Company (SCB) who had lost in several lawsuits against SCB, had made implied threats against the company and had mentioned explosives; (3) on June 19, 1980, a bomb made of the same "type"[3] of dynamite as that purchased by Lockett was found at a South Central Bell building in Washington County, Alabama (about 60 miles from Sweetwater); and (4) no proper storage facilities could be observed at Lockett's Sweetwater "residence" when viewed from the adjacent road. Missing is a critical link in the chain of facts and circumstances which would lead to a reasonable belief that dynamite was improperly stored at Lockett's Sweetwater address. The affidavit set forth no facts from which the magistrate could infer that dynamite was located at that particular place. It is true that the nexus between the objects to be seized and the premises searched can be established from the particular circumstances involved and need not rest on direct observation. *United States v. Charest*, 602 F.2d 1015 (1st Cir. 1979). It is equally true that a search will be upheld if "the facts described in the affidavits warrant a reasonable person to believe that the objects sought would be found." *United States v. Green*, 634 F.2d 222, 225 (5th Cir. 1981). Nevertheless, there still must be a "substantial basis" to conclude that the instrumentalities of the crime will be discovered on the searched

premises. *Aguilar v. Texas*, 378 U.S. at 111, 84 S.Ct. at 1512. *United States v. Melvin, supra.* In *United States v. Flanagan*, 423 F.2d 745 (5th Cir. 1970), the court noted that knowledge of a defendant's possession of stolen goods does not, without more, make reasonable a search of the defendant's residence. *Accord, United States v. Charest*, 602 F.2d 1015 (1st Cir. 1979). In *Flanagan*, the defendant, a known felon who had burglarized a residence ten days before, was arrested in Dallas, Texas, while in possession of some of the stolen goods. Other merchandise taken during the burglary was still missing. In holding that the warrant authorizing a search of Flanagan's Fort Worth home was issued without probable cause, the court observed that:

> In this instance the affidavit revealed no factual observations ... that the stolen goods were at Flanagan's residence .... The inference that the goods were, or might be, at Flanagan's residence was entirely the [affiant's]. The affidavit contained nothing ... [indicating] that the missing goods were where the [affiant] said they might be, other than that the house was said to be Flanagan's residence .... [T]hat a named person who is a known felon has committed a burglary, plus possession by the suspect of some of the proceeds when arrested, does not without more authorize the issuance of a warrant to search the residence of the accused miles away.

*Id.* at 747. See also *United States v. Gramlich*, 551 F.2d 1359 (5th Cir.), *cert. denied*, 434 U.S. 866, 98 S.Ct. 201, 54 L.Ed.2d 141 (1977); *United States v. Charest, supra; see United States v. Himmelwright*, 551 F.2d 991 (5th Cir.), *cert. denied*, 434 U.S. 902, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977); *United States v. Cobb*, 432 F.2d 716 (4th Cir. 1970); *c.f. United States v. Morris*, 647 F.2d 568 (5th Cir. 1981) (search of defendant's residence reasonable when evidence showed that the defendant had committed several

---

**2.** A case of dynamite weighs 50 pounds and consists of about 100 sticks. Record, Vol. 4 at 39.

**3.** The affidavit does not specify what was meant by "type," and the question was not raised at the suppression hearing. At oral ar-

gument, the government stated that the "type" of dynamite found at the SCB facility and purchased by Lockett was 50% nitroglycerine Hercules Brand—a common explosive often used for agricultural purposes.

robberies and the "getaway" car was parked at premises a short time after the robbery).

■ The result in this case is mandated by *Flanagan*.[4] The affidavit here discloses no facts from which the magistrate could reasonably infer that dynamite was located on the Marengo County property. The fact that Lockett may have placed a bomb next to a building some 60 miles from Sweetwater is not enough.[5] Without some showing that dynamite was being stored at the Sweetwater address, the evidence is insufficient to support a finding of probable cause.

■ Lacking any factual basis to reasonably infer the storage of dynamite on Lockett's property, the teaching of *Flanagan* compels the conclusion that the warrant was issued improperly. Because the fruits of the illegal search were the only evidence introduced against Lockett, his conviction must be

REVERSED.

---

**4.** We are bound by decisions of the Fifth Circuit handed down prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981); *United States v. Burns*, 662 F.2d 1378 (11th Cir. 1981).

**5.** There are other troubling aspects of this affidavit which, to a lesser degree, affect our decision. First, the Sweetwater address is described as Lockett's "residence" without detailing any facts to support such an inference. Whether the house was a "residence or domicile" is crucial to an inquiry of whether indoor storage not visible from the road might be permissible. *See* note 1, *supra*. In that connection, there is no evidence of the quantity of land embraced in the "premises" or, for that matter, the extent to which the agent was able to view the property, whatever its size.