[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2005
THOMAS K. KAHN
CLERK**

No. 05-11099

_____

D. C. Docket No. 03-00559-CR-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BURLESS ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 24, 2005)**

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant, Burless Anderson, appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On appeal, Anderson argues that the district court erred in denying his motion to suppress firearms and ammunition found at his home because the affidavit submitted in support of the search warrant was insufficient to establish probable cause. For the reasons that follow, we affirm.

## I. Background

The affidavit submitted in support of the search warrant in this case reveals the following facts. Bureau of Alcohol, Tobacco and Firearms Agent Lee Clinard was conducting surveillance when she observed a brown Lincoln Towncar with license 2685 ALE that appeared to be engaged in a drug transaction. The car was registered to Burless Anderson. Upon obtaining this information, Clinard went to Anderson's home and collected evidence from the trash can at the curb, including three syringe wrappers, three syringes, and three metal containers that appeared to have been heated on the bottom. Clinard also found a tissue spotted with blood inside one of the metal containers and, in another, a piece of cotton that tested positive for heroin in a field test. Based on Clinard's experience, she associated these items with the use of heroin. The same trash can in which she found the above items also contained

portions of an insurance bill addressed to Anderson. Clinard saw the brown Lincoln Towncar in the driveway.

The following day, Atlanta police observed Anderson in an open-air drug market speaking with men the police identified as known drug dealers. Clinard performed a criminal history check on Anderson and found that he had numerous felony convictions, many of which involved drugs. Clinard included all of the above information in an affidavit that she submitted to the magistrate judge. The judge found the affidavit sufficient and issued a warrant to search Anderson's home. When police executed the warrant, they found three firearms and several rounds of ammunition.

At a hearing on the motion to dismiss, Clinard testified that while engaging in routine surveillance, she observed Anderson's car in a known drug area. She further testified that she conducted a search of the trash can placed outside his home about a week after she observed him in his towncar. She described the items she discovered in his trash can as well as the positive results of the heroin test she ran on one of the pieces of cotton or cloth that she found. Clinard admitted, however, that she had not obtained any fingerprints from the syringes she found.

In his post-hearing brief, Anderson asserted that the affidavit was insufficient because it did not establish a link between himself, the evidence, and his home. He

claimed that the evidence Clinard found did not demonstrate either that he had drugs in his home or that he had purchased drugs. He further argued that if the affidavit were insufficient, officers failed to act in an objectively reasonable manner, and, therefore, the "good faith" exception did not justify the search of his home.

The government responded that, taking into account the totality of the circumstances, the evidence found in the trash can and through surveillance established a reasonable probability that there were drugs in the house. The government further asserted that, even if the affidavit was deficient, officers acted in good faith based on an objectively reasonable belief that probable cause existed for the search.

The magistrate judge recommended denying the motion to suppress because the affidavit was sufficient to establish probable cause or, in the alternative, the good faith exception would apply under these circumstances. The district court adopted the magistrate judge's recommendation over Anderson's objections, and Anderson entered a conditional guilty plea, reserving his right to appeal the court's ruling on the motion to suppress. The district court accepted the guilty plea and sentenced Anderson to 84 months imprisonment. He now appeals.

## II. Standard of Review

We review the district court's determination of whether an affidavit established probable cause de novo. United States v. Jiminez, 224 F.3d 1243, 1248 (11th Cir. 2000). But we "take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Id. (citation omitted). Importantly, when reviewing a district court's judgment on a motion to suppress, we construe the facts "in the light most favorable to the prevailing party." United States v. Gordon, 231 F.3d 750, 754 (11th Cir. 2000). We also "review[] de novo whether the Leon good faith exception to the exclusionary rule applies to a search, but the underlying facts upon which that determination is based are binding on appeal unless clearly erroneous." United States v. Martin, 297 F.3d 1308, 1312 (11th Cir. 2002).

III.

The Fourth Amendment to the U.S. Constitution provides that "no Warrants shall issue, but upon probable cause...." U.S. Const. Amend. IV. In order to obtain a warrant, police must establish that there is probable cause to believe they will find contraband or evidence at a particular location. See, e.g., United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999). This requires that the affidavit submitted in support of the warrant application proffer sufficient facts such that "under the totality of the circumstances 'there is a fair probability that contraband or evidence of a crime

5

will be found in a particular place.' " United States v. Goddard, 312 F.3d 1360, 1363 (11th Cir.2002) (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)). Specifically, the affidavit should "establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002). We look to the face of a particular affidavit to evaluate whether the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. at 1313 (citation omitted).

Anderson argues that the affidavit submitted to obtain a warrant to search his home failed to establish probable cause because it contained no evidence that drugs were stored in his home or that he had purchased drugs. Considering the totality of the circumstances, however, the affidavit was sufficient to establish probable cause, as it demonstrated a link between Anderson, his home, and illegal activity. The affidavit listed a variety of evidence, including syringes and other evidence consistent with heroin use, that Clinard found in a trash can outside of Anderson's residence. One piece of evidence Clinard collected, a piece of cotton or cloth, tested positive for heroin in a field test. The affidavit also stated that Clinard found bills addressed to Anderson in that same trash can, and the police subsequently observed Anderson in an open-air drug market speaking with men the police identified as

6

known drug dealers. Furthermore, the police performed a criminal history check on Anderson that revealed numerous felony convictions, many of which involved drugs.

In contrast to cases like United States v. Flanagan, 423 F.2d 745 (5th Cir. 1970), and United States v. Lockett, 674 F.2d 843 (11th Cir. 1982), where courts held searches of the defendants' homes unreasonable, the evidence outlined in the affidavit in the instant case established a clear nexus between Anderson's home and the illegal activity. Accordingly, the observations and evidence described in the affidavit are more than adequate to establish probable cause to believe that illegal controlled substances would be found in Anderson's home.

Because we hold that the district court did not err in denying Anderson's motion to suppress, we need not consider whether the search of his home falls within the Leon good faith exception.

For the foregoing reasons, the judgment of the district court is AFFIRMED.