[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11349
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00183-RBD-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES EDWARD LEACH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 21, 2012)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Charles Leach appeals his conviction for manufacturing marijuana, in violation of 21 U.S.C. § 841, and conspiracy to manufacture marijuana, in violation of 21 U.S.C. § 846.  On appeal, Leach argues that the district court erred in denying his motion to suppress the evidence gathered pursuant to a search of his residence, because the agents included deliberate falsehoods and omitted material information in applying for the search warrant.  After careful review, we affirm.

We review whether an affidavit in support of a search warrant established probable cause de novo and findings of historical fact for clear error.  United States v. Lopez, 649 F.3d 1222, 1245 (11th Cir. 2011).  We construe all facts in the light most favorable to the party who prevailed below.  United States v. Ramirez, 476 F.3d 1231, 1235-36 (11th Cir. 2007).

Affidavits supporting arrests warrants are presumptively valid.  Franks v. Delaware, 438 U.S. 154, 171 (1978).  For a search warrant to be valid, it must be supported by probable cause.  U.S. Const. amend.  IV (providing that "no Warrants shall issue, but upon probable cause . . . particularly describing the place to be searched . . . .").  "A sufficient basis for probable cause for a search exists when under the totality of the circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular place."  Lopez, 649 F.3d at 1245 (quotation and alteration omitted).  In determining probable cause, a court may consider only the

2

information that had been presented to the issuing judge.  United States v. Lockett, 674 F.2d 843, 845 (11th Cir. 1982).  Opinions and conclusions of experienced agents regarding a set of facts are a factor in the probable cause equation.  United States v. Robinson, 62 F.3d 1325, 1331 n.9 (11th Cir. 1995).

When considering an attack on the veracity of an affidavit filed in support of a search warrant, the Supreme Court has held that (1) "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request."  Franks, 438 U.S. at 155-56.  If, at the hearing, the defendant establishes the allegation of perjury or reckless disregard by a preponderance of the evidence, and "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."  Id. at 156.

Concerning the first Franks prong, the attack on the affidavit supporting the warrant must contain "allegations of deliberate falsehood or of reckless disregard for the truth," specifically pointing out the portion of the warrant affidavit that is claimed

3

to be false. Id. at 171. The allegations should be supported by an offer of proof, including affidavits or sworn or otherwise reliable statements of witnesses; conclusory allegations of negligence or innocent mistakes are insufficient. Id. As for the second Franks prong, in order to be entitled to relief, a defendant must show that the misrepresentations or omissions were material, which means that, absent the misrepresentations or omissions, probable cause would have been lacking. United States v. Novaton, 271 F.3d 968, 987 (11th Cir. 2001).

In this case, the district court found two inaccuracies in the affidavit: (1) that Leach's landlord, Nancy Savage, requested both verbally and in writing that a security check of the residence be performed; and (2) that upon approaching the residence to conduct the security sweep, agents could smell the odor of raw flowering marijuana coming from the residence. Both of these statements contained in the affidavit were in conflict with the testimony at the suppression hearing because, first, the evidence showed that the agents had requested consent for the security check from Savage (and not the other way around), and second, the evidence showed that the agents had smelled marijuana immediately upon approaching the gate to the Leach residence. Additionally, the district court identified two omissions in the affidavit: (1) that the agents entered the residence during the security sweep and found marijuana; and (2) that the agents saw a marijuana plant protruding from a

4

garbage bag outside the fence surrounding the residence.[1]  The district court did not make any specific findings about whether the inaccuracies and omissions at issue were made knowingly or recklessly.  Rather, the district court found that the affidavit was sufficient even with the inaccuracies removed and the omissions added.

We agree with the district court.  Indeed, with the challenged inaccuracies removed and the omissions inserted, the affidavit reads this way:

> Upon receiving information from Drug Enforcement Administration Task Force Agent Daniel T. Wolfe that the suspect Charles Leach and his wife Kerri Leach where [sic] both observed at a local growth [sic] store purchasing items commonly used to grow marijuana on five different occasions. [sic] The subject had previously been involved in an indoor marijuana grow in 2007 in which Charles Leach served four months in Federal Prison. The Leach subjects have no rental agreement on the residence and are only living there to help out on the blue berry [sic] farm while residing there. The utility records indicate higher than normal usage starting on 06/23/2010 through the current date 12/1/2010. The agents entered the residence to conduct a security sweep during which they found marijuana. The agents also saw a marijuana plant protruding from a garbage bag outside the fence surrounding the residence.

Based on this version of the affidavit, Leach has not shown that, absent the misrepresentations or omissions, probable cause would have been lacking.

---

[1] The court also rejected as without merit Leach's claim that the agents had intentionally misled the state court judge by telling the judge that the pattern of electricity usage from June to November 2010 demonstrated indoor growing cycles even though no one witnessed the Leaches purchasing the indoor growing equipment until October 2010.  However, this evidence does not establish that the October date was the first time that they had purchased equipment and supplies for growing marijuana.  In any event, Leach does not challenge the finding on appeal, and it is therefore abandoned.  United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

For starters, the issuing judge was entitled to rely on the agents' conclusion that the store where the Leaches were seen purchasing equipment was considered a "growth store," and that the items that they were purchasing were commonly used to grow marijuana.  See Robinson, 62 F.3d at 1331 n.9. Likewise, the judge was also correct in relying on the agents' implication that the high utility usage indicated a marijuana grow operation. These two facts, along with the fact of Leach's prior conviction, which was clearly relevant, were sufficient to show a fair probability that evidence of marijuana cultivation would be found in the Leach residence. See Lopez, 649 F.3d at 1245; see also Robinson, 62 F.3d at 1331.

In short, because probably cause existed based on the revised version of the affidavit, it is irrelevant whether the evidence adduced at the suppression hearing -- including the fact that Agent Wolfe could not explain why the affidavit provided that Savage had requested the security sweep -- could indicate that the inaccurate statements were included recklessly (the first Franks factor).  Accordingly, we affirm.

**AFFIRMED.**